**FILED**

OCT - 7 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH ALLEN LEWIS, Sr., )
)
    Plaintiff, )    No. C 03-5429 CRB (PR)
)
v. )    ORDER GRANTING
)    MOTION TO DISMISS
EDWARD ALAMEIDA, et al., )
)    (Doc # 33)
    Defendant(s). )
)

    Plaintiff, a prisoner at San Quentin State Prison ("SQSP"), filed a pro se civil action for damages in the Superior Court of the State of California in and for the County of Marin alleging various violations of his federal and state rights. Defendants removed the action to this Court on December 3, 2003, pursuant to 28 U.S.C. § 1441(b).

    Per order filed on October 27, 2004, the court found that plaintiff's First Amended Complaint for damages under 42 U.S.C. § 1983--alleging that correctional officers O. Nollette and J. Van Blarcom violated plaintiff's First Amendment rights by filing false charges against him in retaliation for his filing prison grievances--stated a cognizable § 1983 retaliation claim for damages,

when liberally construed, and ordered the United States Marshal to serve these two defendants. Defendants now move for dismissal under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff did not exhaust available administrative remedies under 42 U.S.C. § 1997e(a) before he filed suit. Plaintiff has filed an opposition and defendants have filed a reply.

## DISCUSSION

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional staff. Id. § 3084.1(e). In order to exhaust available

2

administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections ("CDC"). Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id. (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. Id. at 1120.

Here, defendants correctly raise nonexhaustion in an unenumerated motion to dismiss and argue that plaintiff's prisoner action should be dismissed without prejudice because plaintiff failed to exhaust his retaliation claim through the final Director's level of review before filing suit. The Court agrees.

Plaintiff alleges that on October 26, 2002, Nollette and Van Blarcom filed a rules violation report ("RVR") against him in retaliation for his having exercised his First Amendment right to file prison grievances against them. (In those earlier grievances, plaintiff had alleged that defendants had violated his right to wear his religious headgear in the prison visiting room.) In order to have

3

satisfied the exhaustion requirement in connection with his retaliation claim, plaintiff must have (1) filed an appeal alleging retaliation on or after October 26, 2002 (the date of the alleged retaliatory filing of the RVR) and (2) exhausted the appeal through the final Director's level of review before September 8, 2003 (the date plaintiff filed suit in state superior court). A review of the record, shows that plaintiff did not exhaust his retaliation claim before he filed suit.

During the time period in question, plaintiff filed ten 602 appeals at SQSP. Three appeals related to a funds issue, two to a disciplinary issue, two to a case information and records issue, one to a medical issue, one to an ADA issue and one to a visiting issue. Plaintiff suggests that the latter pertained to the retaliation claim at issue. Not so. The appeal relating to a visiting issue, Appeal Log No. SQ 02-03237, alleges that on September 21, 2002, August 8, 2002, and June 14, 2002, Nollette and officer Porton "openly engaged in racial and religious harassment." This appeal relates to events that occurred prior to the alleged October 26, 2002 retaliatory filing of the RVR at issue here. It does not satisfy the exhaustion requirement in connection with plaintiff's retaliation claim. Cf. Butler v. Rianda, 397 F.3d 1181, 1183 (9th Cir. 2005) (California prisoner need not identify defendants in his prison appeals, but must allege sufficient facts to identify claims). None of the ten appeals filed during the relevant time period alleges facts that would give prison officials notice of plaintiff's instant retaliation claim and therefore fail to satisfy § 1997e(a)'s exhaustion requirement.

Plaintiff's prisoner complaint must be dismissed without prejudice to refiling after exhausting California's prison administrative process. See McKinney v. Carey, 311 F.3d 1198, 1199-01 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner exhausts while the suit is pending).

4

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (doc # 33) for failure to exhaust administrative remedies is GRANTED and the action is DISMISSED without prejudice.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: Oct. 07, 2005

CHARLES R. BREYER
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Lewis,

        Plaintiff,

v.

Alameida et al,

        Defendant.

Case Number: CV03-05429 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Julia Je
Department of Justice
Office of the Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Keith Allen Lewis P70532
San Quentin, CA 94974-9800

Dated: October 7, 2005

                                      Richard W. Wieking, Clerk
                                      By: Barbara Espinoza, Deputy Clerk