1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   KEITH ALLEN LEWIS, SR.,                    )
                                               )
10              Plaintiff,                      )          No. C 03-5429 CRB (PR)
                                               )
11      v.                                      )          ORDER
                                               )
12   EDWARD ALAMEIDA, et al.,                   )          (Doc # 48)
                                               )
13              Defendant(s).                   )
    _____        )
                                               )
14

15          On October 7, 2005, the court granted defendants' motion to dismiss for

16   failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) and

17   dismissed plaintiff's prisoner action without prejudice to refiling after exhausting

18   California's prison administrative process.  A careful review of the record made

19   clear that plaintiff had not exhausted his retaliation claim before he filed suit.

20          On October 18, 2005, plaintiff filed a motion to alter/amend and stay

21   judgment, arguing, among other things, that he had recently filed an inmate appeal.

22   On October 25, 2005, the court denied the motion, noting that a "prisoner must

23   exhaust available administrative remedies before filing suit."  Oct. 25, 2005 Order

24   at 1 (citing McKinney v. Carey, 311 F.3d 1198, 1199-01 (9th Cir. 2002))

25   (emphasis in original).

26          On November 8, 2005, plaintiff filed a notice of appeal and renewed his

27   motion to alter/amend and stay judgment, adding that prison officials had "screened

28   out" his inmate appeal.  Plaintiff's motion (doc # 48) is DENIED.   Plaintiff may

1    well have exhausted all available administrative remedies if his appeal has been

2    screened out, see, e.g., Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005)

3    (holding that a prisoner has exhausted all available administrative remedies when

4    his first formal appeal was screened out as untimely and he was informed that the

5    decision could not be appealed except if he alleged that it was in fact timely), but

6    this simply means that he may now be free to file a new action, not that judgment

7    should be altered/amended and this action reinstated, cf. McKinney, 311 F.3d at

8    1199-01 (action must be dismissed without prejudice unless prisoner exhausted

9    available administrative remedies before he filed suit, even if prisoner exhausts

10   while the suit is pending).

11   SO ORDERED.

12   DATED: November 17, 2005

           CHARLES R. BREYER
           United States District Judge